UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

MICHAEL JOHNSON, individually and    *    CIVIL ACTION NO.:
on behalf of others similarly situated    *
   *
VERSUS    *
   *
PHP OF NC, INC.    *
and JUSTINE WIGGINS    *
   *
******************************************************************************

## COMPLAINT – COLLECTIVE AND CLASS ACTION

Plaintiff, Michael Johnson, individually and on behalf of all other similarly situated current

and former habilitation technicians, who were classified as independent contractors by Defendants,

PHP of NC, Inc. and Justine Wiggins, brings this collective and class action, and alleges as follows:

## I.    JURISDICTION

1.    Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§201, *et seq.* to recover minimum wages and unpaid overtime compensation under §16(b) of the

FLSA. This Court has jurisdiction under 28 U.S.C. §1331.

2.    Plaintiff also brings claims for violation of the North Carolina Wage and Hour Act

("NCWHA"), N.C. Gen. Stat. Ann. §§95-25.1, *et seq.,* and state law remedies of breach of contract

and unjust enrichment to recover minimum wages and unpaid overtime (in the alternative and only

in the even the FLSA does not apply), and unpaid wages for off-the-clock work including time

spent attending staff meetings and training. This Court has supplemental jurisdiction pursuant to

28 U.S.C. §1367(a) for these state law claims because they arise out of the same nucleus of

operative facts as the FLSA claims.

## II.    VENUE

3.    Venue is proper in this District as Defendants conducted business in the Middle District and a substantial part of the events giving rise the claims occurred in this District.

4.    Furthermore, Defendant PHP of NC, Inc.'s principal office is located in Durham County, State of North Carolina.

## III.    PARTIES

5.    Plaintiff, Michael Johnson, is domiciled in Durham County, State of North Carolina, and was employed by Defendant from approximately 2016 until June, 2023 as a habilitation technician, or "HAB Tech", who provided support to Defendants' clients who have intellectual and developmental disabilities.  Plaintiff's hours varied from week to week but he regularly worked more than forty (40) hours a week.

6.    Plaintiff has consented to filing the instant action. (Exhibit "A").

7.    Defendant PHP of NC, Inc. (hereinafter referred to as "PHP") is a North Carolina corporation with its principal place of business located at 4125 Ben Franklin, Durham, North Carolina 27704.

8.    Defendant Justine Wiggins (hereinafter referred to as "Wiggins") is an individual domiciled at 605 Red Fox Trail 31, Hillsborough, North Carolina 27278.

9.    Defendants employed Plaintiff and participated directly in employment decisions regarding Plaintiff's rights for which he seeks redress in this case.

## IV.    FACTS

10.    PHP is a support services company for individuals who are intellectually and developmentally disabled. https://phpofncinc.com/services/.

11.     Plaintiff and the collective and class members were/are employed by Defendants as HAB Techs who provided support to Defendants' clients.

12.     Plaintiff and the collective and class members were all paid on an hourly basis.

13.     In an effort to avoid their obligations under the FLSA and the NCWHA, Defendants misclassified Plaintiff and similarly situated workers as independent contractors.

14.     Defendants also required, and continue to require, these workers to perform off-the-clock, unpaid work including, training and attending staff meetings.

15.     Plaintiff's hours varied from week to week during his employment with Defendants, but he regularly worked more than forty (40) hours in a workweek.

16.     For example, during the work period of September 16, 2022 to September 30, 2022, Plaintiff worked one hundred four (104) hours providing support services.  He was paid straight time for all hours worked but was not paid an overtime premium for the hours worked over forty (40) in the workweek, nor was he compensated mandatory staff meeting and training.

17.     Upon information and belief, the collective and class members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

18.     Defendants misclassified their HAB Techs as independent contractors when in fact, they were employees under the meaning of the FLSA and NCWHA.

19.     The misclassified HAB Techs, including Plaintiff, were required to comply with Defendants' policies and procedures which were set forth in written company policies.

20.     The misclassified HAB Techs, including Plaintiff, were supervised by employees of Defendants and were subject to discipline.

21.     The misclassified HAB Techs, including Plaintiff, received all assignments from Defendants and they relied on Defendants for their work assignments.

22.    Although Defendants advertised and posted job openings for "employees," Defendants misclassified their HAB Techs as independent contractors to avoid the pay requirements under the FLSA and NCWHA. https://phpofncinc.com/employment/.

23.    Defendants directed the work of Plaintiff and all HAB Techs and provided substantial oversight of their activities.

24.    The work performed by Plaintiff and the collective and class members was integral to Defendants' business.  Without their work, Defendants could not have performed their contracted responsibilities for their clients.

25.    Defendants profited directly from the work performed by Plaintiff and the collective and class members.

26.    Plaintiff and the collective and class members could not negotiate their compensation with Defendants' clients and they did not share in the profits.

27.    In short, Plaintiff and the collective and class members were economically dependent on Defendants.

28.    Defendants paid HAB Techs who were misclassified as independent contractors by the hour, and paid straight time for all hours worked, except they did not pay any wages for mandatory training and staff meetings.

29.    Defendants failed to pay an overtime premium to Plaintiff and the class and collective members for all hours worked over forty (40) in a workweek.

30.    Defendants required, and continue to require, the class and collective members to perform off-the-clock work including training and attending staff meetings.

31.    The attendance at training and staff meetings was mandatory, outside of normal hours, job related and no other work was being performed at the time.  USDOL Fact Sheet #22:

4

Hours Worked Under the Fair Labor Standards Act (FLSA), available at https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs22.pdf.

32.     Plaintiff and the class and collective members were required to use their personal vehicles to transport Defendants' clients as part of their job.

33.     HAB Techs were/are also required to bear some expenses of their employment, such as the costs of wear and tear/depreciation on their personal vehicles and the costs of fuel. Defendants did not reimburse HAB Techs for these expenses, and HAB Techs were solely responsible for paying them out-of-pocket.

34.     The Internal Revenue Service ("IRS") sets a standard mileage reimbursement rate that is meant to apply to the average driver. During the applicable period, the IRS business mileage reimbursement rate ranged from $0.56 to $0.65.5 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle is considerably higher than the federal reimbursement rates.

35.     Defendant' failure to reimburse automobile expenses constitutes a "kickback" to Defendants such that the wages paid to Plaintiff and other HAB Techs are not paid free and clear of all outstanding obligations to Defendants.

36.     In light of the unreimbursed expenses HAB Techs were forced to bear, there are workweeks when HAB Techs do not earn the federal minimum wage of $7.25 per hour for all hours worked.

37.     Defendants were aware that Plaintiff and other HAB Techs were not paid the minimum wage, and that they worked overtime hours, because they scheduled or permitted HAB Techs to work more than 40 hours in a workweek and set compensation rates that resulted in HAB

5

Techs' earnings falling below federal minimum wage requirements (when taking into consideration total hours worked and expenses).

38.     Plaintiff is aware of other current and former HAB Techs of Defendants who were subject to the same payroll practice.

## V.     COLLECTIVE AND CLASS ACTION DEFINITIONS

39.     The collective of similarly situated individuals sought to be certified under 29 U.S.C. § 216(b) as a collective action is defined as:

> All habilitation technicians who performed work for PHP of NC, Inc. as an independent contractor at any time since three (3) years prior of filing this Complaint. ("Collective Members").

40.     The class of similarly situated workers sought to be certified under Rule 23 is defined as:

> All habilitation technicians who have performed work for PHP of NC, Inc. in the State of North Carolina at any time since two (2) years of filing this Complaint. ("Class Members").

## VI.     COVERAGE UNDER THE FLSA AND NCWHA

41.     At all times hereinafter mentioned, Defendants are and have been employers within the meaning of 29 U.S.C. §203(d).

42.     At all times hereinafter mentioned, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

43.     At all pertinent times, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

44.     Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

6

45.     At all times hereinafter mentioned, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

46.     The NCWHA applies in the event the FLSA does not apply.

47.     At all times hereinafter mentioned, Defendants are and have been employers within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §95-25.2(5).

48.     At all times hereinafter mentioned, Plaintiff and class members are/were employees withing the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §95-25.2(5).

### VII.     VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Collective)

49.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

50.     Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

51.     Plaintiff and the collective members are not exempt from the overtime requirements of the FLSA.

52.     Plaintiff and the collective members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked over forty (40) hours in a workweek for all weeks.

53.     Furthermore, Defendants did not include off-the-clock work, such as mandatory training and attending staff meetings, in the calculation of overtime compensation for Plaintiff and members of both the Collective.

7

54. Defendants required, and continue to require, the class and collective members to perform off-the-clock work including training and attending staff meetings.

55. Furthermore, Plaintiff and the similarly situated HAB Techs were required to bear expenses associated with use of their personal automobiles, such as the costs of wear and tear/depreciation on their personal vehicles and the costs of fuel.

56. Defendants did not reimburse HAB Techs for these expenses, and HAB Techs were solely responsible for paying them out-of-pocket.

57. Defendant' failure to reimburse automobile expenses constitutes a "kickback" to Defendants such that the wages paid to Plaintiff and other HAB Techs are not paid free and clear of all outstanding obligations to Defendants.

58. In light of the unreimbursed expenses HAB Techs must bear, there are workweeks when HAB Techs do not earn the federal minimum wage of $7.25 per hour for all hours worked.

59. Defendants were aware that Plaintiff and other HAB Techs were not paid the minimum wage, and that they worked overtime hours, because they scheduled or permitted HAB Techs to work more than 40 hours in a workweek and set compensation rates that resulted in HAB Techs' earnings falling below federal minimum wage requirements (when taking into consideration total hours worked and expenses).

60. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of misclassifying Plaintiff and the collective members as independent contractors and failing to pay overtime compensation for all hours worked over forty (40) in workweek, including off-the-clock work.

8

61. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of not paying the federally-mandated minimum wages when taking into consideration total hours worked and expenses.

## VIII. VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT
### (Class)

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. In the event the FLSA does not apply, and as an alternative thereto, Plaintiff, individually and on behalf of the class members, seeks payment of minimum wages and unpaid overtime wages including those associated with off-the-clock work.

64. Defendants failed to pay earned overtime wages in violation of N.C. Gen. Stat. Ann. § 95-25.6 including those associated with the above described off-the-clock work.

65. Pursuant to the N.C. Gen. Stat. Ann. § 95-25.4, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

66. Plaintiff and the class members are not exempt from the overtime and minimum requirements of the NCWHA.

67. Plaintiff and the class members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked over forty (40) hours in a workweek for all weeks.

68. Defendants misclassified Plaintiff and the class members as independent contractors and denied payment of overtime wages.

69. Further, Defendants mandated training and attendance at staff meetings but refused to include the off-the-clock hours in the calculation of overtime wages.

9

70. The NCWHA requires employers to pay non-exempt employees one and a half times the regular rate of pay for all hours worked over forty (40) hours in a workweek, including off-the-clock. N.C. Gen. Stat. Ann. § 95-25.4.

71. Defendants suffered and permitted Plaintiff and the class to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the NCWHA.

72. Defendants knew, or showed reckless disregard for the fact that they permitted Plaintiff and the class members to work off-the-clock, and further failed to pay these individuals proper overtime compensation for such activities in violation of the NCWHA.

73. Defendants' failure to comply with the NCWHA caused Plaintiff and the class to suffer loss of wages and interest thereon.

74. In the event the FLSA does not apply, Plaintiff and the class are entitled to all overtime wages, minimum wages, liquidated damages, interest, and attorney fees and costs under the NCWHA.

## IX.    BREACH OF CONTRACT
### (Class)

75. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76. Defendants hired Plaintiff and the class members as HAB Techs with the promise to pay an hourly rate for each hour worked for Defendants.

77. Plaintiff and the class members accepted Defendants' offer of employment and began working for Defendants, creating a valid employment contract.

78. Throughout their employment with Defendants, Plaintiff and the class members performed all of the work required by Defendants, including the off-the-clock work described

10

herein. In performing this work, Plaintiff and the class members fulfilled all of their duties under the employment contract.

79.     However, throughout their entire employment, Defendants repeatedly and systemically breached the employment contract by not paying Plaintiff and the class members their hourly rate of pay for the off-the-clock work described herein. This failure to pay Plaintiff and the class members for each hour their performed work required of them as HAB Techs was a material breach of the contract with Defendants.

80.     As a result of Defendants' breach, Plaintiff and the class members were deprived of wages owed to them under the employment contract.

81.     Upon information and belief, all of the class members have a similar valid employment contract with Defendants.

82.     Plaintiff and the class members are owed wages at their contractual hourly rate for the time that they worked off-the-clock, *i.e.* attending training and staff meetings, during their employment with Defendants.

## X.     UNJUST ENRICHMENT
### (Class)

83.      Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

84.     This Count is pled in the alternative of the breach of contract claim, pursuant to Fed. R. Civ. P. 8(d)(2)-(3).

85.     By not paying Plaintiff and every other class member the agreed upon hourly wage for the off-the-clock work they performed, Defendants were unjustly enriched.

86.     Plaintiff and the class members performed off-the-clock tasks at the request of and without objection by Defendants, including attending training and mandatory staff meetings.

11

87.     A measurable benefit was conferred on Defendants by their acceptance of Plaintiff's and the class members' performance of the off-the-clock work and Defendants' failure to pay all of the wages owed to them.

88.     The off-the-clock work performed by Plaintiff and the class members was mandatory, enabling Defendants to derive the benefit from their clients without having to pay Plaintiff and the class members for all of the work that they performed supporting those clients.

89.     Defendants knew of the benefit that Plaintiff's and the class members' off-the-clock work conveyed to them and Defendants consciously accepted it.

90.     Plaintiff and the class members did not confer the benefits received by Defendants officiously or gratuitously, but rather performed the work because it was essential to their job duties as HAB Techs, and they expected to be paid for such work at their regular hourly rates of pay.

91.     Defendants' retention of the money owed to Plaintiff and the class members is inequitable because Defendants benefited from the off-the-clock work without having paid for it, and Plaintiff and the class members were denied the opportunity to maximize their earnings because their time spent performing the off-the-clock work described herein went unpaid.

92.     Plaintiff and the class members could have used the money owed to them to support themselves and their families, but were denied the opportunity to do so due to Defendants' inequitable conduct.

93.     Due to the time value of money, these inequities are exacerbated by time.

94.     Plaintiff and the class members suffered detriment due to Defendants' failure to compensate them for the off-the-clock work described herein, in that Plaintiff and the class members were deprived of the ability to utilize that time, effort and their resources in a profitable

manner.

95.     As a direct and proximate result of Defendants' actions, Plaintiff and every other class member suffered damages, including but not limited to, loss of wages.

## XI.     COLLECTIVE ALLEGATIONS

96.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

97.     Plaintiff files this action on behalf of himself and other misclassified HAB Techs as defined above.

98.     Defendants' practice and policy of misclassifying their employees as independent contractors and not paying overtime affects Plaintiff and the collective members, and was a willful violation of the FLSA.

99.     Furthermore, Defendants' practice and policy of not paying overtime for all hours worked over forty (40) in a workweek including associated off-the-clock work, affects Plaintiff and the collective members, and is a willful violation of the FLSA.

100.     Plaintiff and the collective members were further denied federal minimum wages when taking into consideration total hours worked and expenses incurred for use of their personal vehicles.

101.     The collective members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

102.     Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal

circumstances of any individual employee. Thus, Plaintiff is similarly situated to the members of the collective.

103.     The specific job titles or precise job requirements of the collective members do not prevent collective treatment under the FLSA.  All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at the overtime rate, and at or above the minimum wage rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## XII.    CLASS ACTION ALLEGATIONS

104.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

105.     Plaintiff files this action individually and on behalf of the class as defined above.

106.     Defendants' practice and policy of refusing to pay Plaintiff and the class members overtime, including associated off-the-clock work, affected Plaintiff and the class members, and was a willful violation of the NCWHA.

107.     Furthermore, the class members share the same claims and interests as Plaintiff as all were denied the payment of wages for off-the-clock work including but not limited to the time spent training and attending staff meetings.

108.     Members of the class are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

109.     Defendants' failure to pay overtime as required by the NCWHA and failure to pay the agreed upon regular hourly rate for off-the-clock work, result from generally applicable,

14

systematic policies and practices and are not dependent on the personal circumstances of any individual employee. Thus, Plaintiff is similarly situated with the members of the class.

110. The specific job titles or precise job requirements of the class members do not prevent class treatment under Rule 23. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked including overtime. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

111. Plaintiff shares the same interests as the class and will be entitled under the NCHWA to unpaid overtime compensation in the event the FLSA does not apply, liquidated damages, attorneys' fees and costs, and lost interest owed to them under nearly identical factual and legal standards as the class.

112. Further, Plaintiff shares the same interests as the class in that they will be entitled under state law to unpaid wages for off-the-clock work, attorneys' fees and costs, and lost interest owed to them under nearly identical factual and legal standards as the class.

113. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of a class action under Fed. R. Civ. P. 23.

114. The classes meet the numerosity requirement of Rule 23(a)(1) because Defendants have employed numerous HAB Techs in the state of North Carolina while requiring them to work overtime and off-the-clock without proper compensation. The precise number of class members should be readily available from a review of Defendants' personnel, scheduling, time, payroll, and billing records, and from input received from the class members.

115. The class meets the commonality requirement of Rule 23(a)(2) because Defendants engaged in a common course of conduct that violated the legal rights of Plaintiff and the class

15

members. Any individual questions that Plaintiff's claims present will be far less central to this litigation than the numerous material questions of law and fact common to the classes, including, but not limited to:

    a.    Whether Defendants maintained common policies or practices that denied Plaintiff and class members overtime wages;

    b.    Whether Defendants maintained common policies or practices that denied Plaintiff and class members wages for off-the-clock work;

    c.    Whether Defendants misclassified Plaintiff and the class members as independent contractors;

    d.    Whether Defendants required HAB Techs to attend staff meetings;

    e.    Whether Defendants required HAB Techs to attend training;

    f.    Whether Defendants failed to compensate HAB Techs for off-the-clock work;

    g.    Whether Defendants breached contracts with Plaintiff and the class members to pay an hourly rate for all hours worked;

    h.    Whether Defendants were unjustly enriched for failing to pay wages for off-the-clock work;

    i.    In the event the FLSA does not apply, whether Defendants violated the NCWHA by not paying Plaintiff and the class members overtime wages and minimum wages;

    j.    Whether Defendants' conduct was willful; and

    k.    Whether Defendants should be required to pay compensatory damages, liquidated damages, attorneys' fees and costs, and interest for violating North Carolina state law.

116.    The class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the class members were all employed by Defendants and performed their job duties without receiving entitled compensation owed for that work.

117.    The class meets the fair and adequate protection requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the class members, and because Plaintiff's attorneys have successfully prosecuted many complex class actions, including wage and hour and collective actions, and will adequately represent the interest of Plaintiff and the class members.

118.    The class meets the predominance requirement of Rule 23(b)(3) because issues common to the class predominate over any questions affecting only individual members, including, but not limited to, whether Defendants calculated the class members' compensation under the same formula in the same way.

119.    The class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

120.    Given the material similarity of the class members' claims, even if each class member could afford to litigate a separate claim, this Court should not countenance or require the filings of numerous identical actions. Individual litigation of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the

efficient supervision of the class claims, create significant economies of scale for the Court and parties, and result in a binding, uniform adjudication on all issues.

121.    Defendants knowingly, willfully, or in reckless disregard of the law, maintained illegal practices of failing to pay Plaintiff and the members of the class members proper compensation for the work performed.

## XIII.   JOINT EMPLOYER ALLEGATIONS

122.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

123.    At all times pertinent hereto, specifically including the collective and class periods, Wiggins was the owner, manager and/or executive officer of PHP.

124.    Wiggins exercised supervisory and managerial responsibilities and substantial control over the terms and conditions of Plaintiff and the collective and class members' work including, but not limited to, assigning work, establishing hourly rates, misclassifying workers as independent contractors, and hiring and firing employees.

125.    Wiggins was actively involved in managing the operations of PHP.

126.    Further, Wiggins was and is responsible for the administration of the business affairs of PHP and she exercised complete control over the work situation and conditions of its employees.

127.    Wiggins was and is responsible for the payroll practices of PHP, but not limited to, the payroll practices complained of herein.

128.    Wiggins was and is vested with authority to, and actually acted directly or indirectly for, and had operational control over PHP's business activities including managerial responsibilities for all aspects of operations and its employees.

18

129.    Wiggins had the authority to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

130.    Accordingly, Wiggins was and is an "employer" under the FLSA and the NCWHA, as such, is jointly and severally liable with PHP for damages for their failure to comply with the FLSA and the NCWHA including all damages claimed herein.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually, and on behalf of the collective members, prays for judgment in his favor and against Defendants as follows:

1.    For an Order recognizing this proceeding as a collective action under § 216(b) of the FLSA, and ordering notice to the collective members at the earliest opportunity to ensure the collective members' claims are not lost to the FLSA statute of limitations;

2.    For an Order finding Defendants liable for unpaid overtime wages due to Plaintiff and the collective members and for liquidated damages equal in amount to the unpaid compensation;

3.    For an Order finding Defendants liable for minimum wage violations and for liquidated damages equal in amount to the unpaid compensation;

4.    For an award of costs of this action as provided under the FLSA;

5.    For an award of attorneys' fees as provided under the FLSA;

6.    For an award of pre- and post-judgment interest; and

7.    For any and all other and further relief as may be necessary and appropriate.

**WHEREFORE**, Plaintiff, individually, and on behalf of the class members, further prays for judgment in his favor and against Defendants as follows:

1.      For an Order certifying this action as a class action under Rule 23 and designating Plaintiff as the class representative and undersigned as class counsel on behalf of all those similarly situated;

2.      For an Order finding Defendants liable for overtime and minimum wages due to Plaintiff and the class members, and for liquidated damages equal in amount to the unpaid compensation under the NCWHA, in the event the FLSA does not apply;

3.      For an Order finding Defendants liable for off-the-clock wages due to Plaintiff and the class members pursuant to North Carolina state law;

4.      For an award of costs of this action;

5.      For an award of attorneys' fees;

6.      For an award of pre- and post-judgment interest; and

7.      For any and all other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted:

By: _/s/ Brian L. Kinsley_

Brian L. Kinsley (N.C. Bar Roll No. 38683)
blkinsley@crumleyroberts.com
CRUMLEY ROBERTS, LLP
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
Telephone: 336-333-9899
Facsimile: 336-333-9894

And

Philip Bohrer (admitted pro hac vice)
*phil@bohrerbrady.com*
Scott E. Brady (admitted pro hac vice)
*scott@bohrerbrady.com*
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana   70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000